UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DEBRA A. MARTINEZ                                                     PLAINTIFF

v.                                           CIVIL ACTION NO. 3:13CV-1152-S

CHASE BANK, USA, N.A., et al.                                 DEFENDANTS

## **MEMORANDUM OPINION**

This matter is before the court on motion of the defendants, Chase Bank, USA, N.A. ("Chase") and Jessica Becker ("Becker") (1) to dismiss the complaint as to Becker for lack of personal jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(2), and (2) to dismiss the claim for breach of fiduciary duty against Chase for failure to state a claim upon which relief many be granted, pursuant to Fed.R.Civ.P. 12(b)(6). The court will address these arguments *seriatim*.

Becker is identified in the caption of the complaint as an employee of Chase, with an address which is the same post office box as listed for Chase in Wilmington, Delaware. There are no jurisdictional allegations in the complaint concerning any of the parties. The sole allegation in the Complaint relating to Becker is as follows:

> 11. Concerning card #0511, Chase fraud department wrote the following letters to the Plaintiff:
>
> ...ii. January 22, 2013 a letter from Jessica Becker (ext 2541) of Chase fraud department stating: "you asked us to review our previous findings regarding a claim of unauthorized use of your credit card...our latest review confirms our previous findings that the transactions are valid...we have notified the credit reporting agencies that you disagree with the resolution of the dispute..."

The plaintiff bears the burden of establishing personal jurisdiction over a non-resident defendant. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). Upon a defendant's challenge to personal jurisdiction, the plaintiff must "by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

Martinez has offered no facts to suggest that personal jurisdiction may be had over Becker under Kentucky's long-arm statute, KRS 454.210. The complaint alleges nothing more than that the Chase fraud department wrote a letter, apparently authored by "Jessica Becker (ext 2541)." Nowhere in the complaint or in Martinez's affidavit accompanying her response to the motion to dismiss is Becker alleged to have had any contacts with Kentucky such that this court could exercise personal jurisdiction over her. Indeed, the complaint does not contain any information concerning the citizenship of Martinez either. Therefore, it is unclear whether *any party* has sufficient contacts with Kentucky. Certainly, Martinez has failed to meet even the most minimal *prima facie* burden to show personal jurisdiction over Becker, and the complaint will be dismissed as to her.

Chase has moved for dismissal of the claim for breach of fiduciary duty against it. As noted in *In re Sallee*, 286 F.3d 878 (6th Cir. 2002),

> Except in special circumstances, a bank does not have a fiduciary relationship with its borrowers...*see also Steelvest*, 807 S.W.2d at 485 ("Courts traditionally view a relationship between a bank and a depositor to be one of debtor-creditor and do not ordinarily impose a fiduciary duty of disclosure upon the bank.")...This flows from the nature of the creditor-debtor relationship. As a matter of business, banks seek to maximize their earnings by charging interest rates or fees as high as the market will allow...[D]ebtors hope to pay the lowest possible interest rate and fee charges and give as little security as possible. Without a great deal more, a mere confidence that a bank will act fairly does not create a fiduciary relationship obligating the bank to act in the borrower's interest ahead of its own interest.

> Fiduciary relationships arise when circumstances and the relationship of the parties show the parties understood and agree that confidence is reposed by one party and trust accepted by the other. Fiduciary relationships can be informal, but they must evidence circumstances showing both parties agreed that one party would be acting in the interest of another.

*Sallee*, 286 F.3d at 893.

To overcome a motion to dismiss for failure to state a claim, a complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As explained in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009),

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id..*, at 557, 127 S.Ct. 1955 (bracket omitted).

The complaint at bar is devoid of any facts concerning circumstances of trust and confidence reposed and agreed between the parties purportedly giving rise to the formation of a fiduciary relationship under Kentucky law.[1]

---

[1] Martinez points to two items in support of her contention that she had a fiduciary relationship with Chase. She recites a statement in Chase's 2012 Annual Report states that attention to reputation has always been a key part of Chase's practices, that integrity should not be sacrificed, and Chase has established policies and procedures "intended to promote the Firm's culture of 'doing the right thing.'" DN 6, p. 11. Martinez also refers to a March 5, 2013 internal memo acknowledging that "There is no piece of business, no deal, no revenue stream that is more important than our obligation to act responsibly, ethically and within the rules." DN 7. This "Message from the Operating Committee" provides a list of "values" to "live by" for the 260,000 employees of the company. The documents constitute matters outside the pleadings and which are thus non-responsive to the motion to dismiss. Fed.R.Civ.P. 12(b)(6) focuses on the sufficiency of the complaint. In any event, these documents which are not communications between Chase and Martinez concerning Martinez's banking relationship with Chase, do not support the argument that a fiduciary relationship for Martinez's benefit was agreed to by the parties.

The claim for breach of fiduciary duty as against Chase fails to state a claim upon which relief can be granted. That claim will therefore be dismissed.

A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**